is still in employment. (*Erie R. R. Co.* v. *Winfield*, 244 U. S. 170; *Pallocco* v. *L. V. R. R. Co.*, 236 N. Y. 110.) The servant who is on his way to work on board a vehicle furnished by his master (*Lindstrom* v. *N. Y. C. R. R. Co.*, 186 App. Div. 429; affd., 230 N. Y. 551; *Lamphere* v. *Oregon R. & Nav. Co.*, 196 Fed. 336; 21 A. L. R. 1223); or is walking on his master's premises on his way to work (*Knowles* v. *N. Y., N. H. & H. R. R. Co.*, 223 N. Y. 513), has entered employment. Decedent, when killed, was "under the control" of his employer; he was "in close proximity to the place of work and * * * was * * * approaching his work by a way which had been furnished or adopted by the employer as a usual and customary one." (*Matter of McInerney* v. *B. & S. R. R. Corp.*, 225 N. Y. 130.) He was "doing that which under his contract of employment he is bound to do. * * * The deceased, when he was killed, was not only on his way to work for his employer, but he was proceeding under the direct and peremptory command of the Railroad Company." (*Lamphere* v. *Oregon R. & Nav. Co.*, *supra*.) Under such circumstances, the mere extent of progress attained by the employee on his route should not furnish the test in defining employment under the statute requiring that to warrant a recovery in this action decedent must have been "employed by such carrier [defendant] in such [interstate] commerce." (U. S. Code, tit. 45, § 51.)█ The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event. Crouch, J., concurs.

The People of the State of New York, Respondent, v. Charles Flaherty, Appellant.— Judgment of conviction affirmed. All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

City of Buffalo, Respondent, v. International Railway Company, Appellant.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ.

Alexander B. Enoch, Appellant, v. John Robert Brandon, Alexander Gordon and Donald L. Waddell, Respondents.†— Judgment reversed on the law, with costs, conclusions of law disapproved and new conclusions made, and judgment directed for plaintiff, with costs, upon the authority of *Old Colony Trust Co.* v. *Stumpel* (247 N. Y. 538). All concur. Present — Hubbs, P. J., Clark, Sears, Taylor and Sawyer, JJ. [See 128 Misc. 695.]

The People of the State of New York, Respondent, v. Frank Battaglia, Appellant.‡— Judgment of conviction and order affirmed. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

In the Matter of the Probate of the Last Will and Testament and Codicil Thereto of Jennie E. Paul, Deceased.— Decree reversed upon the facts upon the ground that the evidence requires that the will and codicil be admitted to probate, with costs against contestants, and matter remitted to the Surrogate's Court with directions to admit the will and codicil to probate. All concur. Present — Hubbs, P. J., Sears, Crouch, Taylor and Sawyer, JJ.

In the Matter of the Probate of the Last Will and Testament and Codicil Thereto of Jennie E. Paul, Deceased.— Appeal from order denying motion for

---

† Revd., 249 N. Y. 263.          ‡ Affd., 248 N. Y. 650.

new trial on the ground of newly-discovered evidence dismissed, with costs to appellant. Present — Hubbs, P. J., Sears, Crouch, Taylor and Sawyer, JJ.

NORMAN C. DEMLER, an Infant, by ALBERT DEMLER, His Guardian ad Litem, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, Appellant.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark,° Sears, Crouch and Sawyer, JJ.

NORMAN C. DEMLER, an Infant, by ALBERT DEMLER, His Guardian ad Litem, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, Appellant.— Order denying motion for a new trial on the ground of newly-discovered evidence affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

FRED B. CRAWFORD, Respondent, v. M. EARL WILLIAMS and Others, Defendants. IRENE D. WILLIAMS and Another, Appellants.— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

JOHN J. SCANLON, as Administrator, etc., of JOHN J. SCANLON, Deceased, Respondent, v. THE FIRST NATIONAL BANK OF MEXICO, N. Y., Appellant.* Judgment and order affirmed, with costs. All concur, except Sears, J., who dissents and votes for reversal on the ground that the evidence fails to show that the defendant had knowledge or reasonable grounds for knowledge that the plaintiff's intestate was ignorant of the time limitation contained in the letter of credit, and without such knowledge or reasonable grounds for such knowledge there was no basis for a finding of negligence in defendant's failure to disclose to plaintiff's intestate the terms of the limitation. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

SAMUEL CODDINGTON IRVIN and JOHN CODDINGTON, Respondents, v. CITIZENS TRUST COMPANY and CHARLES H. C. MARTIN, as Administrators, etc., of MARY S. CODDINGTON, Deceased, Appellants.†— Judgment affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Sawyer, JJ.

MARGARET A. MCDONALD, Respondent, v. PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Appellant.‡— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal on the law and for dismissal of the complaint upon the ground that there is no testimony authorizing a finding that defendant's employee, Lloyd, was legally using the truck with the consent, express or implied, of the defendant. (Fluegel v. Coudert, 244 N. Y. 393.) Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

GRACE MCDONALD, Respondent, v. PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Appellant.‡— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal on the law and for dismissal of the complaint upon the ground that there is no testimony authorizing a finding that defendant's employee, Lloyd, was legally using the truck with the consent, express or implied, of the defendant. (Fluegel v. Coudert, 244 N. Y. 393.) Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

ELIZABETH MCDONALD, Respondent, v. PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Appellant.‡— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal on the law and for dismissal of the complaint upon the ground that there is no testimony authorizing a finding that defendant's employee, Lloyd, was legally using the truck with the

* Revd., 249 N. Y. 9.    † Affd., 249 N. Y. 578.    ‡ Affd., 249 N. Y. 584.